JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-5949 PA (AGRx) | Date | February 14, 2023 |
|---|---|---|---|
| Title | Elat Supermarket, et al v. United States of America, Department of Agriculture Food and Nutrition Service | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Plaintiffs Elat Supermarket, Keyvan Novinbakht, Farhad Kamani, and Faramarz Rabikashi (collectively, "Plaintiffs") filed their Petition for Review of Final Agency Action ("Petition") against defendant United States of America, Department of Agriculture Food and Nutrition Service ("Defendant") on August 22, 2022. (Docket No. 1.) On January 4, 2023, Plaintiffs filed a Notice of Default and Application for Entry of Default Judgment ("Application"), which the Court denied because Plaintiffs had not properly served Defendant under Federal Rule of Civil Procedure 4(i). (See Docket Nos. 12, 14.) Although Plaintiffs had filed a proof of service of the United States agency (Docket No. 11), Plaintiffs had not filed proofs of service indicating that the United States Attorney for this District had been served and that a copy of the Summons and Petition had been mailed to the Attorney General of the United States in Washington, D.C. In the Court's Order denying Plaintiffs' Application, the Court ordered Plaintiffs to "establish that they are diligently prosecuting this matter by serving Defendant in accordance with Federal Rule of Civil Procedure 4(i)." (Docket No. 14 at p. 2.) The Court warned that "[f]ailure to establish that Plaintiffs have properly served Defendant by no later than January 23, 2023, will result in the issuance of an Order to Show Cause why this action should not be dismissed for lack of prosecution." (Id.)

On January 25, 2023, Plaintiffs filed a proof of service of the Attorney General of the United States in Washington, D.C. (Docket No. 15.) Plaintiffs, however, did not file a proof of service for the United States Attorney for this District. Therefore, on January 26, 2023, the Court issued an Order to Show Cause stating that Plaintiffs "still have not filed a proof of service of the United States Attorney for this District, which is required for proper service of a United States agency, such as Defendant, under Federal Rule of Civil Procedure 4(i)." (Docket No. 17.) The Order to Show Cause instructed Plaintiffs "to show cause in writing on or before February 2, 2023, why this action should not be dismissed for lack of prosecution" and warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the Petition." (Id.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-5949 PA (AGRx) | Date | February 14, 2023 |
|---|---|---|---|
| Title | Elat Supermarket, et al v. United States of America, Department of Agriculture Food and Nutrition Service | | |

     Plaintiffs responded to the Order to Show Cause ("Response") – albeit one day late – but their Response still did not indicate that Plaintiffs had served the United States Attorney for this District. (Docket No. 18.)  Rather, Plaintiffs asserted that they served the "Office of the Attorney General for Los Angeles," which the Court interpreted as the Office of the Attorney General for the State of California. (Id. at p. 3; Docket No. 19 at p. 1.)  Therefore, on February 6, 2023, the Court again issued an Order requiring Plaintiffs "to file a proof of service of the United States Attorney for this District on or before February 13, 2023." (Docket No. 19 at p. 3.)  In the February 6, 2023 Order, the Court explicitly laid out the requirements for timely and proper service under Federal Rules of Civil Procedure 4(m) and 4(i).  The Court warned that "[f]ailure to file the proof of service as instructed by the Court may result in the dismissal of this action without prejudice." (Id.)  On February 9, 2023, Plaintiff, yet again, filed a proof of service of the Office of the Attorney General for the State of California.  (Docket No. 20.)  To date, Plaintiffs have not filed a proof of service of the United States Attorney for this District.

     Plaintiffs have been given multiple chances by the Court to properly serve Defendant pursuant to Rule 4(i), yet Plaintiffs still have not done so.  See Fed. R. Civ. P. 4(i) (requiring a party serving a federal agency to serve the agency, the United States Attorney for the district where the action is brought, and the Attorney General of the United States at Washington, D.C).  Additionally, Rule 4(m) requires that an action must be dismissed without prejudice if the summons and complaint – or Petition in this case – are not served on a defendant within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  The 90-day period has long passed in this case and there is no good cause reason to give Plaintiffs yet another extension.

     A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

     In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 1423.  Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 22-5949 PA (AGRx) | Date | February 14, 2023 |
|---|---|---|---|
| Title | Elat Supermarket, et al v. United States of America, Department of Agriculture Food and Nutrition Service | | |

Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing the action.  See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third Henderson factor at least marginally favors dismissal.  Defendant may be further prejudiced unless the Petition is dismissed.  See Yourish, 191 F.3d at 991; see also Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

In considering the fourth and fifth Henderson factors, this Court's February 6, 2023 Order warned that "[f]ailure to file the proof of service as instructed by the Court may result in the dismissal of this action without prejudice."  (Docket No. 19 at p. 3.)  Despite this warning, and multiple prior Orders, Plaintiffs have failed to timely and properly serve Defendant under Rules 4(m) and 4(i).  Additionally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the Henderson factors weigh in favor of dismissing this action.

As a result of Plaintiffs' failure to prosecute and failure to comply with a Court Order, this action is dismissed without prejudice.  See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.